UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-00738-CAS(JCx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | METAL JEANS, INC. v. LULULEMON USA, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     **(In Chambers)** DEFENDANT'S MOTION FOR AN UNDERTAKING (Dkt. No. 23, filed May 13, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of June 15, 2015, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

Plaintiff Metal Jeans, Inc. filed this lawsuit on February 2, 2015 against Lululemon USA, Inc. ("defendant") and Does 1 through 10. Plaintiff alleges that defendant's "METAL VENT TECH" line of fitness clothing infringes on plaintiff's "METAL" trademark, which is registered with the United States Patent and Trademark Office ("PTO") for use with "clothing, namely ski jackets . . . snowboard jackets . . . jeans and shirts." Plaintiff alleges claims for (1) federal trademark infringement in violation of 15 U.S.C. § 1114(1); (2) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (3) false advertising in violation of 15 U.S.C. § 1125(a); (4) California common law and statutory trademark infringement; and (5) California common law and statutory unfair competition. Dkt. No. 1.

On May 13, 2015, defendant filed a motion for an order requiring plaintiff to post a $500,000 bond pursuant to California Code of Civil Procedure section 1030. Dkt. No. 23. On May 25, 2015, plaintiff filed an opposition, as well as a supporting declaration and evidentiary objections. Dkt. Nos. 29–31. Defendant filed a reply on June 1, 2015. Dkt. No. 32. Defendant's motion is presently before the Court. Having considered the parties' arguments, the Court declines to require a bond for the reasons that follow.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-00738-CAS(JCx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | METAL JEANS, INC. v. LULULEMON USA, INC., ET AL. | | |

## II. BACKGROUND

Plaintiff is a corporation organized under Nevada law, with its principal place of business in California. Compl. ¶ 3. For over twenty years, plaintiff has sold clothing and related accessories under the METAL mark, which has been registered with the PTO under registration number 4299652. Id. ¶ 10 & Ex. A. Plaintiff's CEO declares that plaintiff has three offices in California; that the majority of its employees reside and work in California; that all its merchandise is designed, manufactured, and packaged in California; and that the majority of its assets are in California, "including inventories, vehicles, equipment, and real property." Dkt. No. 30 (Topolewski Decl.) ¶¶ 1, 4–7.

Defendant sells "yoga inspired athletic clothing." Dkt. No. 27 (Nicholas Decl.) ¶ 2. Defendant uses the METAL VENT TECH mark in connection with "moisture wicking athletic apparel that contains metal woven into the fabric," which one of defendant's employees declares "helps to prevent the clothing from smelling after use." Id. Plaintiff alleges that defendant chose the METAL VENT TECH mark in order to improperly capitalize on plaintiff's METAL mark, and that plaintiff's mark is likely to confuse consumers. Compl. ¶¶ 12–13.

## III. Analysis

Nothing in the Federal Rules of Civil Procedure requires a plaintiff to post security for a defendant's costs or attorneys' fees. Nonetheless, district courts have inherent authority to impose such a bond requirement, and federal courts often look to the forum state's procedural rules when determining whether to require an undertaking. Simulnet East Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994) (citing 10 Wright & Miller, et al., Federal Practice & Procedure, Civil § 2671). Although federal courts often look to state statutes for such guidance, they are neither required to do so nor bound to follow the state procedural law in all respects. See Wilson v. Haubert, PLLC v. Yahoo! Inc., No. C-13-5879 EMC, 2014 WL 1351210, at *2 (N.D. Cal. Apr. 4, 2014) (noting that the application of state law in this area is within the Court's discretion); Wright & Miller § 2671 ("Even though the district court may look to state practice, it is under no compulsion to do so." (citing Jefferson v. Stockholders Publ'g Co., 194 F.2d 281 (9th Cir. 1952))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-00738-CAS(JCx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | METAL JEANS, INC. v. LULULEMON USA, INC., ET AL. | | |

Here, the relevant state statute is California Code of Civil Procedure section 1030, which provides:

> (a) When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this section, "attorney's fees" means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract.
>
> (b) The motion shall be made on the grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding.

Cal. Code Civ. Proc. § 1030. For purposes of section 1030(b), "the 'reasonable possibility' standard is relatively low." Wilson & Haubert, 2014 WL 1351210, at *3; see Baltayan v. Estate of Getemyan, 90 Cal. App. 4th 1427, 1432 (2001) ("Respondents were not required to show that there was no possibility that appellant could win at trial, but only that it was reasonably possible that respondents would win." (emphasis in original)). Still, courts within the Ninth Circuit have "decline[d] to read section 1030 so broadly as to require every out-of-state litigant who brings a non-frivolous suit in California to post a bond simply because there is a reasonable chance the defendant may prevail." Wilson & Haubert, 2014 WL 1351210, at *3 (emphasis in original).

Additionally, when a district court considers whether to require a plaintiff to post a bond for defendants' costs, "care must be taken not to deprive a plaintiff of access to the federal courts." Simulnet, 37 F.3d at 575–576. Consequently, the Ninth Circuit has explained that a court considering whether to require a plaintiff to post an undertaking should balance "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-00738-CAS(JCx) | Date | June 3, 2015 |
|---|---|---|---|
| Title | METAL JEANS, INC. v. LULULEMON USA, INC., ET AL. | | |

Id. at 576 (citing Aggarwal v. Ponce School of Medicine, 745 F.2d 723, 727–728 (1st Cir. 1984)).  Any bond required must be "fair in the light not only of the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff."  Id.  The Ninth Circuit reviews for abuse of discretion a district court's decision whether to require a security bond.  Simulnet, 37 F.3d at 574.

     Applying these principles, the Court does not find a bond to be necessary.  Although plaintiff is a Nevada corporation and defendant has demonstrated a reasonable probability of prevailing within the liberal standard of section 1030, the Court is not persuaded on the thin factual record presented that plaintiff's suit is frivolous or baseless.  See Entrepreneuer Media, Inc. v. Smith, 279 F.3d 1135, 1140 (9th Cir. 2002) (describing the "intensely factual nature of trademark disputes").  The Court also notes that a prevailing party may obtain attorneys' fees in a trademark dispute only in an "exceptional" case, that is, "where the non-prevailing party's case is 'groundless, unreasonable, vexatious, or pursued in bad faith.' "  Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir. 2000) (quoting Interstellar Starship Servs., Ltd. v. Epix Inc., 184 F.3d 1107, 1112 (9th Cir. 1999)); see 15 U.S.C. § 1117(a).  Accordingly, the degree of probability of obtaining a substantial fee award and the purpose of plaintiff's suit do not militate strongly in favor of requiring a bond.  See Simulnet, 37 F.3d at 574–75; compare Pittman ex rel. L.P. v. Avish P'ship, 525 F. App'x 591, 593 (9th Cir. 2013) (affirming district court's imposition of bond under section 1030 based on evidence that the plaintiff's attorney had a history of filing frivolous claims against the defendants, among other indications the suit could be found frivolous).

     Most importantly, defendant has not shown that plaintiff would be unable to pay an award of attorneys' fees.  Plaintiff submits declaration testimony indicating that it has multiple offices and significant assets in California.  See Simulnet, 37 F.3d at 576 ("[F]actors such as the absence of attachable property within the district . . . may bear on a defendant's legitimate need for the prophylaxis of a bond." (citing Aggarwal, 745 F.2d at 727–28)).  And defendant submits no evidence that plaintiff is in financial extremis so as to be judgment-proof.  See Wilson & Haubert, 2014 WL 1351210, at *4 (denying a motion for an undertaking where the defendant had "not demonstrated that there is a risk that it would be unable to recover costs from [the plaintiff] in the event it prevails in this action"); Plata v. Darbun Enters., Inc., No. 09-cv-44-IEG (CAB), 2009 WL 3153747, at *12 (S.D. Cal. Sept. 30, 2009) (denying a section 1030 motion where the defendant had not "set forth any details regarding its legitimate need for the prophylaxis of a bond in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-00738-CAS(JCx) | Date | June 3, 2015 |
| Title | METAL JEANS, INC. v. LULULEMON USA, INC., ET AL. | | |

moving papers"); see also Live Face on Web, LLC v. Emerson Cleaners, Inc., No. 14-00182 (JEI/AMD), 2014 WL 2805040, at *2–3 (D.N.J. June 20, 2014) (applying factors similar to those set forth in Simulnet and denying a motion for a bond because the defendant had "failed to meet its burden to demonstrate that [the plaintiff's] financial state is sufficiently dire," unlike in cases where district courts had required a bankrupt or insolvent plaintiff to post a bond). Because there is no evidence suggesting that plaintiff is in dire financial straits or lacks attachable assets in California, the Court concludes that a security bond is not necessary because of the mere possibility that defendant will not only prevail, but also convince the Court that this case is so "exceptional" as to merit a large award of attorneys' fees.[1]

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for an order requiring plaintiff to post a bond.[2]

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] Additionally, because the Court is not persuaded that plaintiff's claims are frivolous, the Court denies defendant's alternative request for limited, expedited discovery into plaintiff's financial condition.

[2] Because the Court denies defendant's motion on other grounds, it need not discuss plaintiff's evidentiary objections.